UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23321-Civ-SCOLA

SUSANNE DOE,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PUNITIVE DAMAGES AND TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT**

THIS MATTER is before the Court on Defendant's Motion to Dismiss or Alternatively to Strike (ECF No. 45). Having reviewed the Motion, the response, and the relevant legal authorities, and after holding a hearing on the motion, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Dismiss and to Strike is **GRANTED**.

**I.     FACTUAL BACKGROUND**

    *a. General Allegations*

The factual allegations have been presented in this Court's previous Order on Defendant's first Motion to Dismiss (ECF No. 37), and therefore only a cursory statement of the facts will be provided here. According to the Second Amended Complaint (ECF No. 40), on September 21, 2010, Plaintiff Susanne Doe and a friend were passengers on a cruise with Defendant and were socializing with two male passengers. They were drinking heavily until around 7:16 AM, when Plaintiff's friend and one of the men went to the ship's hot tubs while Plaintiff returned to her cabin, visibly intoxicated, and went to sleep.

Between 7:22 and 7:31 AM, the man who went to the hot tub made sexual advances to Plaintiff's friend, which she forcefully rebuffed. At 7:34 AM, the same man, also visibly intoxicated, wandered down a hallway until he came to Plaintiff's cabin, which he entered without using a keycard. Plaintiff asserts that the man was able to enter her self-closing cabin door (which usually required a keycard) because the door had failed to securely shut behind her. Between 7:36 AM and 8:00 AM the man sexually assaulted and battered Plaintiff, leaving her cabin at 8:00 AM. Plaintiff alleges that Defendant installed video cameras aboard the vessel and assigned personnel to monitor them, and that the cameras and personnel observed the man's sexual advances in the hot tub as well as his journey to, entry into, and exit from Plaintiff's cabin.

Additionally, Plaintiff alleges that Defendant knew from similar prior experiences over the last decade that there was a serious risk of crime and injury to passengers aboard its vessels, perpetrated both by crew and other passengers, including sexual crimes. Plaintiff also alleges that Defendant knew the risk of crime aboard its vessels was enhanced by Defendant's provision of large quantities of alcohol, and that Defendant should have anticipated that such crimes could be perpetrated on its vessels in the future. Despite this knowledge, Plaintiff states that Defendant made a conscious corporate decision to market and advertise its cruises without disclosing the significant risk of crime and harm to passengers while on board.

  b. *Procedural History*

The First Amended Complaint pled two counts against the Defendant: Count I for general negligence and Count II for punitive damages based on willful and wanton misconduct. The Court granted Defendant's Motion to Dismiss Count II as an improperly pled separate claim for punitive damage but gave the Plaintiff leave to file a Second Amended Complaint that pled

punitive damages as a remedy for her underlying negligence claim rather than a separate cause of action.

In the Second Amended Complaint, the Plaintiff pled for punitive damages as a remedy for her negligence claim and added factual allegations against Defendant (ECF No. 40).  The Second Amended Complaint states that RCCL had knowledge of a high risk of harm on board its vessels, but failed to disclose that risk, instead emphasizing only the positive aspects of its cruises.  Doe alleges that this choice was deliberate, willful, or wanton, and that RCCL chose to market and advertise its cruises with incomplete information about the risk of crime on board in order to maximize profit at the expense of passenger safety.

The Defendant subsequently filed this Motion to Dismiss Plaintiff's request for punitive damages on the grounds that the Second Amended Complaint fails to state factual allegations entitling Plaintiff to such relief and additionally to strike portions of the Second Amended Complaint which posit factual allegations that the Defendant argues are unnecessary, scandalous and redundant.

## II.   CONTROLLING LAW AND ANALYSIS

  *a. Legal Standard on Motion to Dismiss and to Strike*

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its own face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation omitted).  While a court must accept well-pled facts as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the court view unwarranted deductions of fact or argumentative inferences in their favor. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action" insufficient to survive motion to

3

dismiss); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). Moreover, a complaint will not suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 557 (2007)); *see also id.* at 1945 (well-pled complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (citing *Twombly*, 550 U.S. at 555)).

  b. *Plaintiff fails to state facts for which punitive damages may be granted as relief*

Under the common law, recovery of punitive damages are limited to cases in which a defendant's conduct is "outrageous, owing to gross negligence, willful, wanton and reckless indifference for the rights of others, or behavior even more deplorable." *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). "[P]unitive damages have long been available at common law . . . [and] the common-law tradition of punitive damages extends to maritime claims." *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 411 (2009). *Townsend* established that punitive damages are available under federal maritime law "for wanton, willful, or outrageous conduct." *Id.* at 409. *See also Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329 at *7 (S.D. Fla. Aug. 23, 2011)("A plaintiff may recover punitive damages under general maritime law . . . where the plaintiff's injury was due to the defendant's 'wanton, willful, or outrageous conduct.'") A request for punitive damages must be stricken from the complaint if the allegations therein do not present a factual basis supporting the recovery of punitive damages, in other words, factual allegations showing wanton, willful or outrageous conduct. *See Baker v. Carnival Corp.*, 2006 U.S. Dist. LEXIS 88429, *14-15 (S.D. Fla. Dec. 5, 2006).

The Plaintiff has two legal theories as to why the Defendant's conduct warrants the relief of punitive damages. First, the Plaintiff argues that those employees of the Defendant who were

watching, or should have been watching, the video surveillance monitors knew, or should have known, based on the visible behavior and activities of the Plaintiff and her alleged attacker, that the Plaintiff was in immediate danger of harm and they should have come to her assistance. Second, the Plaintiff argues that the Defendant made a conscious and deliberate corporate determination, at the expense of passenger safety, to advertise and market its cruises without full disclosure about the risk of crime on board so that it could maximize its own profits in the booking of cruises and the sale of alcohol on board.

     The factual allegations supporting the first legal theory do not reach the level of wanton, willful, or outrageous conduct by Defendant that supports entitlement to the remedy of punitive damages. Although the Plaintiff may have been the victim of egregious and outrageous conduct at the hand of her alleged attacker, the factual allegations of what the Defendant witnessed on surveillance are insufficient to characterize the Defendant's conduct as wanton or outrageous. The factual allegations state that the Plaintiff interacted with her alleged attacker for several hours without any physical altercation or suspicious behavior and that the alleged attacker entered her cabin without force. Taking the factual allegations as true, the surveillance footage could be consistent with the Defendant's belief that the Plaintiff was engaged in consensual, typical adult socialization and that there was no reason to suspect that she was in fear or in risk for her safety. If the second amended complaint included factual allegations such as the alleged attacker forcing his way into the Plaintiff's cabin or assaulting the Plaintiff in a public area, then perhaps the Defendant's lack of intervention may have established entitlement to punitive damages. However, the complaint does not allege that any employees of RCCL actually witnessed any physical altercation or overt sign that the Plaintiff was in danger, nor that any employees ignored any attempts by the Plaintiff to seek help. There are no facts demonstrating

that the Defendant was aware of the intent of the alleged attacker to harm the Plaintiff nor that the Defendant showed deliberate indifference to clear evidence of risk to her safety.

As to the second theory for punitive damages, the Plaintiff fails to plead sufficient factual allegations supporting the theory that crime on board the Defendant's cruises is so rampant as to characterize the failure to disclose this information as wanton, willful and outrageous conduct. The Second Amended Complaint alleges that the Defendant should be subject to punitive damages for "failing to warn prospective and current passengers of the true risk of crime and other misbehavior aboard defendant RCCL's vessels in general," for "misrepresenting its cruises and vessels to the plaintiff as safe and worry- free," and for "failing to warn or advise that guests, especially at night and/or after consuming alcohol, should take precautions for their own safety aboard defendant's vessels." 2d. Am. Compl. ¶ 49.  However, the Second Amended Complaint does not plead any facts supporting the allegation that the crime rates are so high that failure to disclose them amounts to wanton or willful conduct. For example, the Second Amended Complaint makes no comparison of the rates on board the cruises to crime rates of cities of comparable size any makes no allegations about how common incidents of sexual assault are on board. The conclusory allegation that the crime rates are so high that failure to report them constitutes outrageous conduct must be supported with at least some factual basis in order to entitle the Plaintiff to punitive damages. While such allegations may be sufficient to state a claim for negligence, as this Court has already held, they are insufficient to establish a basis for punitive damages for that underlying negligence claim.

    c. *The additional factual allegations in the Second Amended Complaint should be stricken*

The Defendant moves to strike paragraphs 10, 14-19, and 50-52 of the Second Amended Complaint pursuant to Fed. R Civ. P. 12(f) which states that a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." The Defendant argues that paragraph 10 presents new allegations that are redundant of allegations in paragraph 7, and that the other identified paragraphs are also redundant and present scandalous and impertinent allegations.

Paragraph ten should be stricken because the factual allegations contained therein were not included in earlier pleadings by the Plaintiff and the Plaintiff did not seek leave to add factual allegations. In this Court's April 3, 2012 Order Granting in Part the Defendant's Motion to Dismiss, this Court gave the Plaintiff leave to file an amended complaint only to the extent that the new complaint would plead punitive damages as a form of relief for the underlying negligence claim rather than as a separate cause of action (ECF No. 37). Accordingly, the Plaintiff was not granted leave to add allegations to the complaint.

Paragraphs 14-19 and 50-52 should be stricken as redundant and impertinent for two reasons. First, these paragraphs repeat the allegations found in other sections of the Second Amended Complaint and are therefore redundant. These additional paragraphs allege that the Defendant "made a conscious and deliberate corporate determination, in respect to both its advertising and marketing . . . that conveying full and complete information about the risk of crime . . . could reduce the number of bookings and/or create a state of vigilance among passengers" that would minimize the purchase of alcohol which is a major source of on board revenue for the Defendant. Similar allegations were already present in the Plaintiff's complaint,

7

and can now be found in paragraph 49, that the Defendant failed "to warn prospective and current passengers of the true risk of crime . . . by failing, in its advertising, marketing and other corporate communications with prospective and actual passengers, to direct them to external sources of data and information about the rate and risk of crime." Therefore, the allegations that the Defendant was negligent in failing to disclose its crime rates to prospective and current passengers was already present in the complaint and the additional paragraphs are redundant.

Second, the Plaintiff has not pled any claims for fraudulent inducement, misrepresentation or misleading advertising that would require factual allegations about the Defendant's marketing or advertising practices. Where a plaintiff does not seek to add new claims but only attempts to bolster a claim that has already survived a motion to dismiss, the Court may exercise its discretion to strike new allegations in an amended complaint. *See Johnson & Johnson v. Guidant Corp.,* 2010 U.S. Dist. LEXIS 13936, at *30 (S.D.N.Y. Feb. 17, 2010)(" Because the breach of contract claim in Plaintiff's original complaint has already satisfied the showing required under Rule 8(a)(2), the new allegations are unnecessary. Plaintiff is free to advance refinements to its breach of contract claim at trial or in a summary judgment motion without amending the complaint to include superfluously detailed allegations."). This Court has already found the Plaintiff's negligence claim sufficient to survive Defendant's motion to dismiss, including Plaintiff's legal theory that the Defendant was negligent in not disclosing the rate and risk of crime aboard its vessels. Therefore, the additional paragraphs in question are impertinent to the Plaintiff's negligence claim.

### III.   CONCLUSION

THIS MATTER is before the Court on Defendant's Motion to Dismiss or Alternatively to Strike (ECF No. 45).  Having reviewed the Motion, the response, and the relevant legal

authorities, and after holding a hearing on the motion, it is **ORDERED and ADJUDGED** as follows:

(1) That the Defendant's Motion to Dismiss and to Strike is **GRANTED**;

(2) That the Plaintiff's request for punitive damages as a form of relief is **STRICKEN** from the Second Amended Complaint;

(3) That Paragraphs 10, 14-19 and 50-52 are **STRICKEN** from the Second Amended Complaint.

**DONE AND ORDERED** in chambers in Miami, Florida on September 28, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record